Opinion issued October 15, 2009








 









In The

Court of Appeals

For The

First District of Texas

____________


 NO. 01-08-00527-CR

____________


ERICK ROBERTO AGUILAR-MOTINO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court 

Harris County, Texas

Trial Court Cause No. 943488




MEMORANDUM OPINION


 Appellant, Erick Roberto Aguilar-Motino, appeals from a judgment convicting
him for aggravated assault with a deadly weapon. See Tex. Penal Code Ann.
§ 22.02(a) (Vernon Supp. 2009). Appellant pleaded not guilty, a jury found him
guilty, and the tria

+l court sentenced him to 12 years in prison. In his sole issue, appellant challenges
the factual sufficiency of the evidence to sustain his conviction. Having determined
the evidence is factually sufficient to sustain appellant's conviction, we affirm. 

Background


 In March 2003, Berta Del Carmen Vindel and her boyfriend, Mario Zamora,
attended a birthday party at the apartment of Vindel's sister, Libna Plateros. After
dinner, Vindel, Zamora, and a few others wanted to find a babysitter so they could go
out dancing. Vindel and Zamora walked to another apartment in the same complex
to ask Vindel's sister-in-law to watch the children. After going into the apartment
alone, Vindel saw appellant, her estranged husband, emerging from a bedroom. 
Appellant grabbed Vindel's hair and threatened to kill her. Appellant retrieved a
knife from the kitchen, told Vindel that he intended to kill Zamora and threw Vindel
against the wall. As appellant ran outside toward Zamora, appellant shouted, "I am
going to kill you." Zamora attempted to escape, but tripped as he tried to run. 
Appellant stabbed Zamora repeatedly in the chest and once in the buttocks until
another man pulled appellant away. Pursued by appellant, Zamora retreated to
Plateros's apartment. Zamora remained there, bleeding heavily, until an ambulance
took him to the hospital. At the hospital, Zamora flat-lined and had to be resuscitated.

 Responding officers interviewed witnesses at the scene. A six-inch knife was
recovered from an area where witnesses had seen appellant jump a fence. The knife
recovered at the scene was not tested on site because the officers did not want to taint
the evidence. Later, the knife was not tested because no one contested that appellant
was the man who stabbed Zamora.

 At trial, both Zamora and Vindel testified for the State. They claimed they did
not instigate any altercations with appellant. Vindel, Zamora, and Plateros agreed
everyone involved in the incident was aware that appellant was staying with Plateros
at the time of the incident, but Zamora and Vindel said they were not aware appellant
would be present on that particular day. Vindel testified that she passed out prior to
the stabbing and did not witness the stabbing.

 At trial, appellant said he and Vindel had been trying to get back together and
she had told him she would be attending the party alone. Appellant said it was Vindel
who approached him inside of Plateros's apartment. Appellant stated that Vindel was
drunk, belligerent, and mocked him by calling him names. According to appellant,
Vindel scratched him and grabbed his shirt. Appellant said when he went outside to
escape from Vindel, Zamora began attacking him by hitting him with a beer bottle
and by trying to strangle him. Fearing for his own safety, appellant said he grabbed
what he thought was a grill cleaner and unintentionally stabbed appellant. No broken
beer bottle was recovered from the crime scene. 

 The jury charge instructed the jury to convict appellant if it found appellant
intentionally or knowingly caused bodily injury to Zamora with a deadly weapon, or
intentionally or knowingly threatened Zamora with imminent bodily injury with a
deadly weapon. The jury charge also instructed the jury to find appellant not guilty
if appellant committed the act to defend himself from Zamora's threatened use or use
of deadly force.

Sufficiency of Evidence

 Appellant's sole challenge is to the factual sufficiency of the evidence to
sustain his conviction. 

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
"clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury's resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict. Id. In
conducting a factual-sufficiency review, we must also discuss the evidence that,
according to appellant, most undermines the jury's verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

 "Appellate courts should afford almost complete deference to a jury's decision
when that decision is based upon an evaluation of credibility." Lancon v. State, 253
S.W.3d 699, 705 (Tex. Crim. App. 2008). "The jury is in the best position to judge
the credibility of a witness because it is present to hear the testimony, as opposed to
an appellate court who relies on the cold record." Id. The jury "may choose to
believe some testimony and disbelieve other testimony." Id. at 707.

 A person is generally justified in using deadly force against another if he
reasonably believes that deadly force was necessary to protect himself against the
other's use or attempted use of unlawful deadly force and a reasonable person in the
actor's situation would not have retreated. See Tex. Penal Code Ann. § 9.31(a),
9.32(a) (Vernon Supp. 2009). A defendant has the burden of producing some
evidence to support a claimed defense. Zuliani v. State, 97 S.W.3d 589, 594 (Tex.
Crim. App. 2003). If the defendant produces that evidence, the State bears the burden
of persuasion to disprove the raised defense. Id. The burden of persuasion does not
require that the State produce evidence; it requires only that the State prove its case
beyond a reasonable doubt. Id. A defense is a fact issue to be determined by the jury,
which is free to accept or reject the defensive issue. Saxton v. State, 804 S.W.2d 910,
913-14 (Tex. Crim. App. 1991).

 Appellant challenges the factual sufficiency of the evidence by contending
Vindel's testimony was biased against appellant because of their prior relationship. 
The jury heard testimony that appellant and Vindel had a bad marriage. The jury was
aware of the relationship between Vindel and appellant when it reached its decision. 
The weight a jury gives the credibility of testimony is at its discretion. Lancon, 253
S.W.3d at 705.

 Appellant correctly states that there were contradictions in testimony as to
whether liquor had been consumed at the party. An officer responding to the scene
testified that there was alcohol in Plateros's apartment even though she testified that
she did not allow liquor in her house. Zamora and Vindel both claimed they had not
been drinking, but appellant insists Vindel was holding alcohol when he first saw her. 
In this case, the contradicting testimony concerning the presence of alcohol calls the
credibility of the witnesses into question. It is up to the jury to decide whom it
believes based on the testimony presented. Id.

 Appellant contends his testimony in support of his self-defense claim was more
logically compelling and coherent than the contradictory case presented by the State. 
However, the jury decides the weight to give testimony based on its credibility
determinations, and a reviewing court "should afford almost complete deference" to
the jury's credibility determinations. Id.; Saxton, 804 S.W.2d at 914.

 It is undisputed that appellant stabbed Zamora. Appellant had no physical
injury to support his claim of a beer bottle attack, and no broken beer bottle was
recovered at the scene. Appellant stabbed the complainant multiple times, fleeing the
scene after disposing of the knife, and failed to report the purported attack by Zamora
until appellant was arrested three years later. The lack of physical evidence to support
appellant's claim of self-defense, the testimony of Zamora and Vindel, the multiple
stab wounds on Zamora, and appellant's behavior after the incident all allow a jury to
reasonably conclude that appellant intentionally or knowingly stabbed Zamora with
a deadly weapon, or intentionally or knowingly threatened Zamora with imminent
bodily harm with a deadly weapon. Additionally, there is sufficient evidence for a jury
to find appellant's stabbing of Zamora was not justified because appellant did not
reasonably believe it was necessary to protect himself against Zamora's use or
attempted use of deadly force. See Tex. Pen. Code Ann. § 9.31(a).

 Examining the evidence neutrally, we conclude the evidence is not so weak that
the verdict is clearly wrong, manifestly unjust, or against the great weight and
preponderance of the evidence. We hold the evidence is factually sufficient to support
appellant's conviction. We overrule appellant's sole issue.

 Conclusion


 We affirm the judgment of the trial court.




 Elsa Alcala


 Justice 

Panel consists of Justices Keyes, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).